IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Weldon Eugene Holtzclaw, Jr., | ) | C/A No. 6:25-cv-03973-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Detective Nunez, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's complaint alleging violations of his constitutional rights. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report"). On July 14, 2025, the Magistrate Judge issued an amended order to show cause why Plaintiff should not be sanctioned with strengthened prefiling restrictions based upon his repeated filing of frivolous pleadings as well as his abuse of the judicial process. ECF No. 10. Plaintiff filed a response and an appeal of the Magistrate Judge's first order to show cause. ECF Nos. 12, 13. On August 1, 2025, the Magistrate Judge issued a Report recommending that this action be dismissed with prejudice, without leave to amend, and without issuance and service of process and that strengthened prefiling restrictions be entered. ECF No. 18. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Since the issuance of the Report, Plaintiff has filed a

reply to the second order to show cause, objections, and a motion to amend. ECF Nos. 20, 21, 23.

## APPLICABLE LAW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## ANALYSIS

As an initial matter, the Magistrate Judge has provided a thorough recitation of the relevant facts and applicable law, which the Court incorporates by reference. The Magistrate Judge recommends summary dismissal because Plaintiff failed to state a plausible claim for relief. ECF No. 18. The Magistrate Judge further recommends that strengthened prefiling restrictions be entered. Because Plaintiff filed objections, the Court's review has been de novo.

The Court will begin with a discussion of Plaintiff's various filings. As noted above, Plaintiff filed an appeal of the Magistrate Judge's initial order to show cause. ECF No. 13. Plaintiff questions the Magistrate Judge's authority and whether he can be charged a filing fee in his civil cases. He further asserts that there were errors in his family court case and that his arrest was unconstitutional. The Magistrate Judge's order is non-dispositive. Federal Rule of Civil Procedure 72(a) permits a party to submit objections/appeals to a magistrate judge's ruling on non-dispositive matters. Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any [non-dispositive] pretrial matter . . . where it has been shown that the magistrate's order is clearly erroneous or contrary to law."). The objections/appeal must be filed and served within 14 days after being served a copy of the non-dispositive order. *Id*. Further, the Court's review is governed by the clearly erroneous or contrary to law standard of review. *Id*. Only if the decision is clearly erroneous or contrary to law may the district judge modify or set aside any portion of the decision. *Id*. A court's "finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364 (1948). The Court has reviewed the Magistrate Judge's order and Plaintiff's appeal. Upon such review, the Court finds that the Magistrate Judge's order is neither clearly erroneous nor contrary to law. Accordingly, the appeal is denied.[1]

---

[1] Specifically, as to the Court's ability to charge a fee for the filing of a civil case, the relevant statute is 28 U.S.C. § 1914.

3

In ECF No. 20, Plaintiff states that he is appealing ECF No. 16, the Magistrate Judge's no serve order. Plaintiff again challenges the authority of the Court to charge a filing fee in a civil case and makes various allegations against the Magistrate Judge. The Court has reviewed the Magistrate Judge's order and Plaintiff's appeal. Upon such review, the Court finds that the Magistrate Judge's order is neither clearly erroneous nor contrary to law. Accordingly, the appeal is denied.

In ECF No. 23, Plaintiff states that he wants to amend his complaint. In the motion itself, he states that various judges and justices have denied him due process and asserts that the Court should investigate his claims. His attached proposed amended complaint is one page and states that Defendant "is on record in a telephone conversation on 911 on June 26, 2025 where [Plaintiff] and [his] passenger . . . were assaulted by the Greenville County Sheriff's Office in a traffic stop." ECF No. 23-1. This assertion without more fails to assert a plausible claim for relief. Accordingly, Plaintiff's motion to amend the complaint is denied as frivolous. *See Edwards v. City of Goldsboro,* 178 F.3d 231, 242 (4th Cir.1999).

The Court now turns to the Report and Plaintiff's objections.[2] As noted above, the Magistrate Judge recommends summary dismissal of the complaint because Plaintiff has failed to state a plausible claim for relief. As to the merits of this action, Plaintiff seems to

---

[2] While only one document has been docketed as objections, and indeed it is the only document that Plaintiff indicates is responsive to the Report, the Court has considered all of Plaintiff's filings in ruling on the Report out of an abundance of caution for a pro se party.

assert that Defendant should have arrested Ms. Morgan for robbery.  ECF No. 21 at 5–6.  As noted by the Magistrate Judge, federal courts do not investigate state law enforcement actions or bring criminal charges and private citizens do not have a cognizable interest in the prosecution of another in a civil case.  *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).  Accordingly, the underlying complaint is subject to summary dismissal with prejudice, without leave to amend, and without issuance and service of process.

As to the recommendation regarding the imposition of strengthened prefiling restrictions, the Court fully agrees with the Magistrate Judge that such measures are necessary in light of Plaintiff's continued vexatious and prolific filing habits.  In his objections, Plaintiff seems to argue that his right to have his grievances redressed should not be limited; however, as catalogued by the Magistrate Judge, Plaintiff has filed an excessive number of frivolous cases and the Court has some authority to restrict abusive filers.  *See United States v. Texas*, 144 S. Ct. 797, 798 (2024) (recognizing a court's ability to manage its docket pursuant to its inherent authority and the All Writs Act, 28 U.S.C. § 1651).  Upon de novo review, the undersigned agrees with the Magistrate Judge that the *Cromer* factors have been met and support the imposition of strengthened prefiling restrictions.  *See Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004) (published) (holding that factors to be considered in deciding whether to enter a prefiling injunction include: (1) the party's history of litigation, particularly whether he has filed vexatious, harassing or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation or simply intended to harass; (3) the extent of the burden

on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions).

With respect to Plaintiff's history of litigation, as noted by the Magistrate Judge, he has filed multiple frivolous, vexatious, and duplicative lawsuits.  As to whether Plaintiff has a good faith basis for bringing these lawsuits, it appears to the undersigned that his cases have been filed with an intent to harass.  With respect to the extent of the burden on the court, Plaintiff's numerous filings have been incredibly time-consuming for the undersigned and the Magistrate Judge.  As noted in the Report, Plaintiff has a habit of filing numerous documents and motions in each case, which are labor-intensive to review and attempt to resolve.  Finally, as to the adequacy of alternative sanctions, the Court agrees with the Magistrate Judge that alternative sanctions are not likely to be adequate to address Plaintiff's vexatious filing practices.  Therefore, upon review, the Court agrees with the Magistrate Judge that the *Cromer* factors weigh in favor of imposing strengthened prefiling restrictions.  The Court finds that the Magistrate Judge's proposed strengthened prefiling restrictions are sufficiently narrowly tailored and that Plaintiff was provided an opportunity to be heard prior to the imposition of the prefiling restrictions.  Plaintiff is specifically warned that continued abusive filing practices may result in the imposition of further sanctions; specifically, the Court would be inclined to limit the number of cases docketed each month to 10 upon such a recommendation by the Magistrate Judge or order to show cause by the undersigned and an opportunity for Plaintiff to respond.

**CONCLUSION**

Based on the foregoing, the Court agrees with the recommendations of the Magistrate Judge. This action is **DISMISSED** with prejudice, without leave to amend, and without issuance and service of process. Plaintiff's appeals of the Magistrate Judge's orders [13, 20] are **DENIED**. Plaintiff's motion to amend [23] is **DENIED**. The following strengthened prefiling restrictions are hereby imposed:

1. For the following cases pending in this Court, because they are clearly frivolous and vexatious in nature (seeking damages from Courts and Judges based on unfavorable rulings), Plaintiff may not proceed in forma pauperis and will be provided twenty-one days to pay the full filing fee[3] of $405 to proceed with these cases or an order of dismissal will be entered:

    *Holtzclaw v. U.S. Dist. Ct.*, C/A No. 6:25-cv-03519-DCC-KFM (D.S.C.)

    *Holtzclaw v. U.S. Dist. Att'y of S.C.*, C/A No. 6:25-cv-03520-DCC-KFM (D.S.C.)

    *Holtzclaw v. McDonald*, C/A No. 6:25-cv-03521-DCC-KFM (D.S.C.)

    *Holtzclaw v. Grover*, C/A No. 6:25-03971-DCC-KFM (D.S.C.)

    *Holtzclaw v. U.S. Dist. Ct.*, C/A No. 6:25-cv-08182-DCC-KFM (D.S.C.)

    *Holtzclaw v. U.S. Sup. Ct.*, C/A No. 6:25-cv-08767-DCC-KFM (D.S.C.)

2. For any non-habeas actions commenced by Plaintiff in this Court, Plaintiff is required to submit the full filing fee to the Clerk of Court at the time of his initial filing (other than cases specifically referenced in part 2(a)).[4] In every non-habeas action commenced by Plaintiff, he must also submit a signed

---

[3] Effective May 1, 2013, an administrative fee of $50 was added to the filing fee of $350. On December 1, 2023, the administrative filing fee increased to $55. Any check for the filing fee should be made payable to "Clerk, U.S. District Court."

[4] In the Report, this provision mentions part 1(a). This appears to be a scrivener's error that does not impact the entry of these prefiling restrictions.

and notarized affidavit (under penalty of perjury) certifying that the action is not frivolous.

    a. Plaintiff may request to proceed in forma pauperis with respect to any conditions of confinement claims for which he alleges imminent danger as contemplated in 28 U.S.C. § 1915(g) (with the imminent danger related to Plaintiff's allegations).

If a filing by Plaintiff is not accompanied by a full filing fee (and does not fall into the category of 2(a)), the Clerk of Court is authorized to assign civil action numbers (for docket control purposes) and the assigned United States Magistrate Judge will forward the case to the assigned United States District Judge for an order of dismissal without prejudice and without issuance and service of process.

In any case where an order of dismissal is entered based on the above prefiling restrictions, the only document that may be filed in the case by Plaintiff after the order of dismissal is entered is a notice of appeal.

3. These filing restrictions do not apply to any criminal case in which Plaintiff is named as a defendant.

4. Plaintiff may file a motion to modify or rescind the order imposing these restrictions no earlier than two years from the date of its entry.

The Court informs Plaintiff that these prefiling restrictions replace the prior prefiling restrictions and are a complete list of the current prefiling restrictions that will be imposed in his future filings.

    IT IS SO ORDERED.

                                                  s/ Donald C. Coggins, Jr.
                                                United States District Judge

October 7, 2025
Spartanburg, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.